TELE-COMMUNICATIONS, INC. AND SUBSIDIARIES, AND TCI DEVELOPMENT CORPORATION, SUCCESSOR TO TELE-COMMUNICATIONS INVESTMENTS, INC. AND SUBSIDIARIES, AND ATHENA COMMUNICATIONS CORPORATION AND SUBSIDIARIES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tele-Communications, Inc. v. Commissioner
Docket No. 3172-90
United States Tax Court
T.C. Memo 1991-82; 1991 Tax Ct. Memo LEXIS 98; 61 T.C.M. (CCH) 2008; T.C.M. (RIA) 91082; February 28, 1991, Filed *98 Edward C. Rustigan, for the petitioners. Michael J. Cooper, for the respondent. SCOTT, Judge. SCOTT MEMORANDUM OPINION Respondent determined deficiencies in the income tax of Tele-Communications, Inc., and Subsidiaries (TCI) for the calendar years 1979, 1980, and 1981, and determined a deficiency in the income tax of TCI Development Corporation, Successor to Tele-Communications Investments, Inc., and Subsidiaries (TCII) for the calendar year 1980, and determined deficiencies in the income tax of Athena Communications Corporation and Subsidiaries (Athena) for the calendar years 1978, 1979, and 1980. Wheeling Antenna Company, Inc. (Wheeling), was a subsidiary of CTCI of Ohio, Inc. (CTCIO), and CTCIO is a wholly owned subsidiary of TCI. Petitioners filed a motion for partial summary judgment with respect to the issue of whether, for the purpose of determining CTCIO's basis in the assets distributed to it upon liquidation of Wheeling pursuant to section 334(b)(2) [1] and section 1.334-1(c)(4)(v)(a)(2), Income Tax Regs., the full amount of depreciation recapture income recognized by Wheeling, pursuant to section 1245, should be included in Wheeling's "earnings and *99 profits" for the period during which CTCIO held the Wheeling stock. The parties are in agreement as to the facts with respect to the issue raised by petitioners' motion for partial summary judgment and agree that this issue may properly be decided on petitioners' motion. All petitioners had their principal offices in Denver, Colorado, at the time of the filing of the petition in this case. Each petitioner filed its Federal income tax returns for the years here involved with the Internal Revenue Service Center, Ogden, Utah. In August 1980 CTCIO acquired 100 percent of the stock of Wheeling for $ 12,600,000 in cash. Wheeling had two wholly owned subsidiaries, Wellsburg Cable Company, Inc. (Wellsburg), and Brooke Cable Company, Inc. (Brooke). Wheeling, Wellsburg, and Brooke were engaged in the cable television business in several States. CTCIO acquired the stock of Wheeling with the intent *100 to liquidate Wheeling, Wellsburg, and Brooke in accordance with the provisions of section 334(b)(2). In accordance with this intent, on November 2, 1981, Wellsburg and Brooke were liquidated by Wheeling and Wheeling was then liquidated by CTCIO. Upon its liquidation, Wheeling was required pursuant to section 1245 to include in its taxable income an amount of depreciation recapture. At the time Wheeling was liquidated, CTCIO had held the stock of Wheeling for approximately 15 months. The parties refer to the period during which CTCIO held the Wheeling stock as the "interim period." On their tax returns, petitioners computed the basis of the assets CTCIO received upon the liquidation of Wheeling by adding to the basis of the Wheeling stock the earnings and profits of Wheeling for the interim period, including therein the amount of depreciation recapture included in Wheeling's income for that period. Respondent in his notice of deficiency reduced the basis of the assets received by CTCIO from Wheeling by the amount of depreciation recapture applicable to depreciation taken prior to August 1980 included in Wheeling's reported income for the interim period. Under the provisions of *101 section 334(b)(2) applicable to the period here involved, if property is received by a corporation in a distribution in complete liquidation of another corporation and the distribution is pursuant to a plan of liquidation adopted not more than 2 years after the date of the acquisition of the stock, the basis of the property in the hands of the distributee corporation is the adjusted basis of the stock with respect to which the distribution is made. [2] For the purpose of determining the adjusted basis of the stock with respect to which the distribution is made, under regulations prescribed by the Secretary, proper adjustment in the adjusted basis of the stock shall be made for any distribution made to the distributee corporation with respect to such stock before the adoption of the plan of liquidation, for any money received, for any liabilities assumed or subject to which the property was received, and other items. *102 Section 1.334-1, Income Tax Regs., deals with the basis of property received in liquidations. Section 1.334-1(c)(4)(v), [3] Income Tax Regs., deals with certain adjustments which shall be made to the adjusted basis of the subsidiary's stock in the hands of the parent. Section 1.334-1(c)(4)(v)(a)(2), Income Tax Regs., provides for an increase in the adjusted basis of the subsidiary's stock held by the parent "By the portion of the subsidiary's earnings and profits (less the amount of any distributions therefrom) of the period beginning on the date of purchase and ending upon the date of the last distribution in liquidation attributable to the stock of the subsidiary held by the parent." *103 It is petitioners' position that the amount of depreciation recapture under section 1245 required to be included for income tax purposes in Wheeling's income during the interim period is also part of Wheeling's earnings and profits for that period. These earnings and profits, which include the section 1245 recapture, are the same earnings and profits that increase the basis of the Wheeling stock pursuant to the regulations. As we understand respondent's position, he does not contend that the depreciation recapture is not a part of Wheeling's income for the 15-month period for the purpose of computing Wheeling's taxable income for that period or that income tax is not payable with respect to Wheeling's income the amount of the depreciation recapture. Respondent's contention is that, even though the entire amount of the depreciation recapture under section 1245 is includable in the income of Wheeling for the interim period, the part of this income applicable to depreciation taken by Wheeling prior to the acquisition of its stock by CTCIO should be eliminated from Wheeling's earnings and profits for the purpose of determining the amount of Wheeling's interim period earnings and profits *104 for the purpose of increasing the basis of the stock pursuant to section 1.334-1(c)(4)(v)(a)(2), Income Tax Regs. Respondent recognizes that it is the liquidation of Wheeling that causes the inclusion of the depreciation recapture in its income for the interim period. However, in respondent's view, to eliminate part of such income from the depreciation recapture from Wheeling's interim period earnings and profits would cause the addition to the stock basis to be more in accordance with the statutory intent. The exact issue here involved was decided contrary to respondent's contention in R. M. Smith, Inc. v. Commissioner, 69 T.C. 317, 323-328 (1977), affd. on another issue 591 F.2d 248 (3d Cir. 1979). In R. M. Smith, Inc. v. Commissioner, supra, we relied on our holding in First National State Bank of New Jersey v. Commissioner, 51 T.C. 419 (1968), which involved an acquisition and liquidation under section 334(b)(2) and an earnings and profits refinement under section 1.334-1(c)(4)(v), Income Tax Regs. The First National State Bank of New Jersey case involved the requirement that the liquidating *105 subsidiary include in its income on its final tax return the amount of its reserve for bad debts. We held that the amount of the earnings and profits for the interim period which was an addition to the basis of the stock included the income resulting from inclusion in the subsidiary's income of the bad debt reserve. We pointed out that the dissolution of the subsidiary and the distribution of all of the subsidiary's assets was the reason the bad debt reserve had to be included in income. In R. M. Smith, Inc. v. Commissioner, supra at 325, we stated, referring to the First National State Bank of New Jersey case, "In the instant case, as well, the increase in the subsidiary's income (here occasioned by the recapture provisions of sections 1245 and 47) and the resultant increase in earnings and profits was caused by the distribution in liquidation. Thus as in First National State Bank of New Jersey it was an event occurring subsequent to the last day of the subsidiary's final taxable period which necessitated the application of the provisions of sections 1245 and 47 during that taxable period." (Emphasis in original.) Based on our holdings in *106 First National State Bank of New Jersey v. Commissioner, supra, and R. M. Smith, Inc. v. Commissioner, supra, we conclude that in the present case no amount of the depreciation recapture is to be excluded from the refinement required by section 1.334-1(c)(4)(v)(a)(2), Income Tax Regs., in determining Wheeling's interim period earnings and profits. Respondent acknowledges that his position in the instant case is directly contrary to our holdings in R. M. Smith, Inc. v. Commissioner, supra and First National State Bank of New Jersey v. Commissioner, supra. His contention is that we should reverse or no longer follow our holdings in those two cases. Our position in both those cases and here is based directly on the regulation, which, as we have stated, provides that the adjusted basis of the subsidiary's stock shall be increased by the portion of the subsidiary's earnings and profits for the period beginning on the date of purchase of the stock and ending on the date of the liquidation. Ordinarily earnings and profits for a period consist of the taxable income for that period with adjustment for income items *107 which are not includable in taxable income. The regulation makes no provision for the elimination from the interim period earnings and profits of income items resulting from depreciation recapture and similar items. We held in both First National State Bank of New Jersey v. Commissioner, supra, and R. M. Smith, Inc. v. Commissioner, supra, that an income item such as depreciation recapture is part of earnings and profits for purposes of section 1.334-1(c)(4)(v)(a)(2), Income Tax Regs. The Secretary during all the years since the decision in First National State Bank of New Jersey, followed about 9 years later by the decision in R. M. Smith, Inc., has not seen fit to change his regulation. Nothing respondent has argued in this case changes our view as stated in our two prior opinions. Respondent makes an alternative argument that earnings and profits for the interim period must be computed by using the so-called substituted basis rules of section 1.334-1(c)(4)(vi), Income Tax Regs. This regulation deals with the treatment of the gain or loss from the sale or exchange of property held by the subsidiary when its stock is acquired *108 and further provides that "any other items determined by reference to basis of such property shall be computed by substituting for such basis a new basis determined by reference to the part of the adjusted basis of the stock applicable to such property." Sec. 1.334-1(c)(4)(vi)(a), Income Tax Regs. There is no showing here that there has been any gain or loss from the sale or exchange of property held on the date of the purchase by CTCIO of the Wheeling stock. Since the provision referred to by respondent in using the terms "such property" refers to property held on the date of purchase of the stock with respect to which a gain or loss from sales or exchanges has been incurred, it has no application to the instant case. Many of the issues raised by the pleadings in this case have been disposed of by agreement of the parties and the parties have indicated to the Court that when the issue raised by petitioners' motion for partial summary judgment has been decided, they may be able to dispose of the remaining issues. An order granting petitioners' motion for partial summary judgment and providing that jurisdiction of this case is retained to allow the parties time to dispose of *109 the remaining issues, if possible, will be issued. An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code as in effect for the years here in issue, unless otherwise indicated.↩
2. (b) Liquidation of Subsidiary. -- * * * (2) Exception. -- If property is received by a corporation in a distribution in complete liquidation of another corporation (within the meaning of section 332(b)), and if -- (A) the distribution is pursuant to a plan of liquidation adopted not more than 2 years after the date of the transaction described in subparagraph (B) (or, in the case of a series of transactions, the date of the last such transaction); and (B) stock of the distributing corporation possessing at least 80 percent of the total combined voting power of all classes of stock entitled to vote, and at least 80 percent of the total number of shares of all other classes of stock (except nonvoting stock which is limited and preferred as to dividends), was acquired by the distributee by purchase (as defined in paragraph (3)) during a 12-month period beginning with the earlier of, (i) the date of the first acquisition by purchase of such stock, or (ii) If any of such stock was acquired in an acquisition which is a purchase within the meaning of the second sentence of paragraph (3), the date on which the distributee is first considered under section 318(a) as owning stock owned by the corporation from which such acquisition was made, then the basis of the property in the hands of the distributee shall be the adjusted basis of the stock with respect to which the distribution was made. For purposes of the preceding sentence, under regulations prescribed by the Secretary, proper adjustment in the adjusted basis of any stock shall be made for any distribution made to the distributee with respect to such stock before the adoption of the plan of liquidation, for any money received, for any liabilities assumed or subject to which the property was received, and for other items.↩
3. (v) The adjusted basis of the subsidiary's stock held by the parent with respect to which the distributions in liquidation are made (reduced as in subdivision (i) of this subparagraph) -- (a) Shall be increased -- (1) By the amount of any unsecured liabilities assumed by the parent, and (2↩) By the portion of the subsidiary's earnings and profits (less the amount of any distributions therefrom) of the period beginning on the date of purchase and ending upon the date of the last distribution in liquidation attributable to the stock of the subsidiary held by the parent.